for the purchase-money, added : 'And hereby makes a payment of the moneys hereby secured a charge upon her other sole and separate estate.' It was very properly held that this created only a general charge on the mortgagor's estate, such, that is, as she should own when the deficiency might be ascertained. It was only making her separate estate liable, just as it would have been without such a clause had she been a *feme sole.*

" It may be added that the judgment was a lien only upon such interests as the railroad company had in the land, and the judgment-creditors were not even *bona fide* purchasers for value."

The judgment should be affirmed, with costs.

*P. H. Cowen,* for the appellan

*A. Pond,* for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Judgment affirmed. with costs.

---

JOHN O'BRIEN AND JOHN C. RODGERS, RESPONDENTS, *v.* THE CATSKILL MOUNTAIN RAILROAD COMPANY, APPELLANT.

### SAME *v.* SAME.

*Reference — when one should be ordered — the referee need not reside in the county in which the venue is laid — the referee may be authorized to sit in any county to take testimony.*

APPEALS from orders made at a Special Term, referring the above entitled actions to a referee, to hear and determine, with leave to the referee to sit in any county in the State.

The court at General Term said : " The orders of reference should be sustained. The court has the right to look at all the papers used upon the hearing and returned to us with the appeal papers. From the affidavits used by the defendant upon the motion to change the venue, it is evident a large number of witnesses may be called upon a large number of separate items charged as counter-claim.

" On the part of the plaintiff a large amount is claimed for extra

work, consisting of a multitude of items. These items will be, to a greater or less extent, contested, and some of these extras are embraced in each action. Such cases embracing such items involve a mass of figures which require to be reduced to writing by the tribunal which decides the cases, and to be collated, digested, compared, rejected, modified, increased or diminished until an intelligent result, approximately accurate, can be attained. A jury would find it difficult, if not impossible, to do this. Their verdict would be little better than a rough guess, derived more from the argument and concessions of counsel or the charge of the judge than from the confused and blind mass of figures produced in evidence. They are not so situated as to keep notes nor are they accustomed to analyzing and combining complicated, and in many cases incoherent, items of accounts for work done or damages sustained, so as to draw therefrom a safe and just result. We think these cases can be well tried together before the referee, and he can readily apply the evidence to each case as may be proper, and thus, by his findings and in his decision, reach a definite and wise result. We think it is a proper case for a reference.

" The referee appointed does not reside in the county where the place of trial is fixed. This is claimed to be error. But it is not understood to be the practice that the referee must reside in the county of the venue unless by consent of parties. No law is cited showing such selection to be improper and we do not think it error. The same may be said of the power given the referee to sit in any county of the State for the purpose of taking testimony. Such power is daily given to referees, and the economy and convenience of all interested, not less than common practice, sanctions and justifies that feature of the orders of reference."

The orders must be affirmed, with ten dollars costs and printing disbursements.

*J. I. & F. Werner*, for the appellant.

*O. D. M. Baker*, for the respondents.

Opinion *Per Curiam.*

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed, with ten dollars costs and printing disbursements (in each case).